```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | | |
|---|---|---|
| **ROBERT G. HARVEY, SR.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 10-2527** |
| | * | |
| **LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY** | * | **SECTION "B"(2)** |

## ORDER AND REASONS

**IT IS ORDERED** that Plaintiff's opposed (Rec. Doc. No. 10) Motion to Remand (Rec. Doc. No. 7) is **DENIED** for the following reasons.

Plaintiff is a member of a preferred category of medical health services covered by Blue Cross/Blue Shield of Louisiana ("BCBS") and has paid monthly premiums in the amount of $1350.12. (Rec. Doc. No. 1-2). For approximately one year prior to the filing of this suit, plaintiff allegedly has been denied access to primary care providers acknowledged by BCBS on the basis that there is confusion as to whether BCBS or Medicare is plaintiff's primary insurer. *Id.* Plaintiff alleges that the denial of payment by BCBS is capricious in that there is no principled reason to deny him medical benefits he has paid insurance premiums for, simply because Medicare may also provide coverage. *Id.* Accordingly, plaintiff seeks damages that include his four recent medical bills, the amount of any future medical bills summarily denied, and any statutory damages he may be entitled to for the alleged arbitrary and capricious denial of timely adjustment of benefits and timely

payment of doctor's fees in this matter. *Id.*

## I. Federal Jurisdiction Under 28 U.S.C. § 1331

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43 (1908). A defense is not part of a plaintiff's properly pleaded statement of his or her claim. *Metropolitan life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546 (1987). Accordingly, "a case may not be removed to federal court on the basis of a federal defense." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14, 103 S.Ct. 2841, 2848 (1983).

However, accompanying the well-pleaded complaint rule is the principle that "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Id.* at 22, 103 S.Ct. at 2853. Where a federal court concludes that a plaintiff has "artfully pleaded" claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint. Thus, removal is allowed where federal law completely preempts a plaintiffs state-law claims. *See Metropolitan Life Ins. Co.*, 481 U.S. at 65-66, 107 S.Ct. at 1547-1548 (upholding removal

based on the preemptive effect of § 502(a)(1)(B) of ERISA).

**II. ERISA Preemption of State-law Claims**

Section 514(a) of ERISA contains a broad preemption provision that provides in pertinent part that ERISA preempts "any and all State laws insofar as they now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). In order to decide whether plaintiff's state-law claims are preempted by ERISA it is first necessary for the Court to determine whether the plaintiff's policy was an ERISA plan.

    **A. Establishment of ERISA Plan**

"ERISA applies to any employee benefit plan if [that plan] is established or maintained by any employer or an employee organization engaged in commerce or in any industry or activity affecting commerce." *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 240 (5th Cir. 1990). The Act regulates both pension and welfare plans that are offered to employees. An "employee welfare benefit plan" is defined as

> any plan, fund, or program ... established or maintained by an employer or employee organization, or by both, to the extent that such plan, fund, or program was established or maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services....

29 U.S.C. § 1002(1) (other pertinent definitions are provided in

3

this section). By its express terms, ERISA encompasses welfare plans provided through the purchase of insurance; whether a particular set of insurance arrangements constitute an "employee welfare benefit plan" is a question of fact. *Gahn v. Allstate Life Ins. Co.*, 926 F.2d 1449, 1451 (5th Cir. 1991).

The Fifth Circuit has adopted the Eleventh Circuit's holding in *Donovan v. Dillingham*, by which an ERISA plan is established "if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Mem'l Hosp. Sys.*, 904 F.2d at 240-41 *citing Donovan*, 688 F.2d 1367, 1373 (11th Cir. 1982) (en banc). The Firms's group policy was issued with the purpose of insuring 13 of its 17 employees. (Rec. Doc. No. 10-1). The application/proposal sets out in detail the intended benefits including maternity, dental, prescription drug, mental, and alcohol/drug treatment coverage. *Id*. The Firm established and maintained the plan by purchasing the policy and paying the premiums directly to Blue Cross/Blue Shield of Louisiana. (Rec. Doc. No. 10-3). While the bare purchase of an insurance policy may not exclusively establish the existence of an ERISA plan, *see Taggart Corp. v. Life & Health Benefits Admin.*, 617 F.2d 1208, 1211 (5th Cir. 1980), *cert. denied*, 450 U.S. 1030, 101 S.Ct. 1739 (1981); *Donovan*, 688 F.2d at 1373, 1375, the evidence here shows the Firm's intent to provide its employees with a

welfare benefit program through the purchase and maintenance of a group insurance policy.

### B.   Plan Exclusions From ERISA

Pursuant to Congressional authorization under 29 U.S.C. § 1135, the Department of Labor has issued regulations excluding certain group or group-type insurance programs from the scope of ERISA.  *Mem'l Hosp. Sys.*, 904 F.2d at 241 n. 6.  The Department of Labor regulations provide that an employee welfare benefit plan:

> shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which
> (1) No contributions are made by an employer or employee organization;
> (2) Participation [in] the program is completely voluntary for employees or members;
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; ***and***
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j) (emphasis added).  Group insurance plans must meet each of these criteria to be *excluded* under the regulation.  *Kidder v. H & B Marine, Inc.*, 932 F.2d 347, 351 (5th Cir. 1991); *Gahn*, 926 F.2d at 1452; *Mem'l Hosp. Sys.*, 904 F.2d at 241 n.6.

Clearly, the Firm's group insurance plan meets the first of

these criteria. The plan application indicates that the employer was to assume responsibility for the payment of 99% of the employees' premiums, thus constituting a contribution. (Rec. Doc. No. 10, Ex. A). The use of the conjunction "and" in § 2510.3-1(j) indicates that the "existence of any one of the four criteria listed in the regulation would prevent a group insurance plan, otherwise qualifying as an ERISA plan, from being excluded from coverage under the Act." *Mem'l Hosp. Sys.*, 904 F.2d at 241 n.6. Accordingly, the Firm's plan does not meet the exclusion provided by the Department of Labor regulation and Plaintiff's state-law claims are preempted by ERISA.

New Orleans, Louisiana this 26th day of October, 2010.

                                     _____
                                            IVAN L. R. LEMELLE
                                      UNITED STATES DISTRICT JUDGE